Dewey, J.
This ease does not differ from the cases that have been so frequently before the court, in which it has been' held, that a strict literal fulfilment of a building contract was not a condition precedent to a recovery upon the contract, In terms, the last payment was to be made when the work was completed, but that does not take the case out of the rule, and where the party has acted in good faith, and has unintentionally failed, in some particulars, to perform the contract, he may yet recover for his services, deducting therefrom such sums as will fully indemnify the other party for any deficiency in the work. The only question in this case, as it seems to us, is, as to the proper rule for assessing damages.
It is not that the jury are to give what the building is worth to the owner, for that would be to disregard the contract. The rule, as stated in our earliest reported case on this subject, was in terms like those stated by the presiding judge upon the trial of this case. The first position stated by the court, that the plaintiff was to recover of the defendants so much as the work and labor were worth to the defendants, would have been erroneous if standing alone, but it was qualified by the mode in which the jury were directed to arrive at that result, namely, by deducting from the contract price so much as the dam built by him was worth less than the dam contracted for.
The rule for making the deduction from the contract price, for the deficiency in the work, has been sometimes stated in another form, that the jury would take, as the basis of the calculation, the contract price, and deduct from that sum such an amount as would be required to be paid to complete the work according to the contract, as was done in Snow v. Ware, 13 Met. 42, and Smith v. First Congregational Meeting House in Lowell, 8 Pick. 178.
Probably the result would be much the same under either of these rules. In many cases the latter rule would not be adapted to the case, as where the building was wholly finished, but there was some small departure from the contract in some of the details; there the rule must be fo deduct so *487 much from the contract price as the work was worth less to the owner.
On the other hand, where the omission was in a failure to complete the work, and such defect was capable of being supplied by additional expenditure. of labor or materials, the proper rule would seem to be, to deduct such sum as would cover all future expenses necessary to complete the work according to the contract. What these deficiencies from the contract were in the present case, does not distinctly appear in the bill of exceptions.
So far as the case is stated, the ruling, in the form it was given, is not open to the exceptions taken.

Judgment on the verdict.