### Charles W. Blakeslee *vs.* Alfred Holt.

The plaintiff agreed to do the mason work for a house of the defendant, for which when done the defendant was to convey to him a certain building lot. The plaintiff did the work, but not in such a manner as to satisfy the requirements of the contract; but the defendant, claiming that the contract was not performed, occupied the house and took the benefit of the work, refusing afterwards to convey the land. In assumpsit for work and labor brought by the plaintiff, it was held—

1. That the defendant having taken the benefit of the work was bound to pay for it.

2. That assumpsit for work and labor would lie.

3. That the amount the plaintiff was entitled to recover was not the value of the work done, but the value of the building lot, after deducting what it would cost the defendant to make good the defect in the work.

The plaintiff was a carpenter and it was not expected that he would personally perform or superintend the work. He employed a competent person to do it, and the one the defendant expected him to employ, and supposing that he had done the work faithfully paid him in full for it. Held that these facts were of no avail to the plaintiff so long as the work was not done according to the contract.

ASSUMPSIT on a special contract, with the common counts; brought to the Superior Court in New Haven County, and tried to the court on the general issue before *Beardsley, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is fully stated in the opinion.

*Alling,* in support of the motion.

*Hull,* contra.

FOSTER, J. The special contract made by the parties in this case not having been fully performed, it was conceded by the plaintiff that there could be no recovery on the first count in the declaration. The claim to recover was on the common counts.

The plaintiff and defendant, on the 21st of January, 1871, entered into the following contract: "This agreement, made this 21st day of January, 1871, by and between Alfred Holt and C. W. Blakeslee: Blakeslee agrees to do all the mason work for a house to be built in Newhallville, according to plans and specifications shown, for the said Holt, for a building lot forty feet front, on Gilbert street, on the east side of the lot where the above house now contracted for is to be built; said Holt to convey by a warranty deed to said Blakeslee the said lot on completion of the above house."

The plaintiff is a carpenter and not a stone mason, and it was not expected, when he entered into the contract, that he would personally perform the work. It was the understanding that he should assign the contract to one Nugent, deemed to be an experienced stone mason, and he was to do the work, the plaintiff continuing to be the responsible party. The expected arrangement was made, and the work went on under the contract, until, as the plaintiff supposed, Nugent had

completed it according to its requirements. This was about the first of June, 1871, and the plaintiff then paid Nugent $675, the price agreed for performing the work.

The frame of the house was raised about the first of May, 1871, and about the 1st of July, 1871, the wood-work of the house was completed. The defendant then went into the occupancy of the house, rented it, and has ever since continued to occupy it by his tenants.

In the fall of 1871 the plaintiff requested the defendant to convey to him the lot referred to in the contract. The defendant replied that the lot was not his, but belonged to one Gibbs Gilbert, his father-in-law, assigning that as a reason for not making the conveyance. In February, 1872, the plaintiff again requested the defendant to convey the lot to him, and the defendant then claimed a deduction of $180 by reason of the mason work not being done conformably to the contract.

It appears from the motion that the work was not done in all respects in conformity with the specifications referred to in the contract; that there were some defects in the construction of the cellar wall, and sundry omissions in other particulars; and that these defects and omissions were of a material character, and had never been waived by the defendant. It would now cost the sum of $130 to remedy these defects and supply these omissions. The value of the lot referred to in the contract was $680, when the contract was made and to be performed. The judgment below was for the plaintiff to recover that sum, deducting $130, what it would now cost to make good the defects and omissions in the work.

That the plaintiff intended faithfully to perform this contract on his part, that he took proper steps to do so, and in good faith believed that he had done so, is clearly shown. He employed a competent man, the man who it was supposed would be employed, to do the work, and paid him the price agreed, when he claimed it was finished. The defendant, it is true, called the attention of the workmen, during the progress of the work, to the defects and omissions, and once or twice told the plaintiff in the street of such defects and omissions. The plaintiff relied upon Nugent, and believed that he

was doing the work properly. When the plaintiff first called on the defendant, and requested him to convey the lot referred to in the contract, he did not put his refusal on the ground that the work was not properly done, but said the lot did not belong to him. This was some months after the plaintiff claimed that the work was finished, and while the defendant was enjoying, and for months had enjoyed, the benefit of the plaintiff's labor. Some time after this, when the plaintiff repeated this demand, the defendant made a claim for deduction on account of the character of the work. The parties looked over the house together, and while the defendant claimed it was not done according to the contract, the plaintiff insisted that it was. They agreed to make another examination, with the aid of Nugent, but the defendant failed to keep the appointment on his part, and this suit followed.

Intending to perform a contract, a partial performance, and an honest belief that the performance has been perfect, are not enough. Where these facts are found there may exist no moral delinquency, but what has been lawfully agreed to be done must be actually done, to give a party standing on a contract in a court of law. The sanctity of contracts must be upheld.

As this contract has not been performed, the plaintiff cannot recover on a count based upon it, and if that were all of the case he could not recover at all. But the defendant has availed himself of the work and labor of the plaintiff, and has so far accepted of the same as to be deriving profit and advantage therefrom. It seems but just, under such circumstances, that he should be held to pay such a sum as that he will lose nothing by the breach of contract. It might not be just to compel him to pay the value of the work, for he may have made a good bargain for himself, and so be entitled to its benefits. The contract price therefore, less the sum it would cost to complete the work, as agreed to be done, is the proper sum to be recovered. This was awarded in the court below, and we think the decision should not be disturbed.

The views here expressed are fully sustained in the cases of *Smith* v. *Congregational Meeting House,* 9 Pick., 178, and

*Hayward* v. *Leonard,* 7 Pick., 181. The first of these cases is quoted, apparently with approbation, by Judge HINMAN, in giving the opinion of the court in *Smith* v. *Scott's Ridge School District,* 20 Conn., 320.

A new trial is not advised.

In this opinion the other judges concurred.