## MARY J. STICKER ET AL. v. H. M. OVERPECK.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHUMBER-LAND COUNTY.

Argued May 28, 1889—Decided June 28, 1889.

(a) In an action on an entire contract, whereby the plaintiff agreed to do the plumbing in the defendant's houses and to furnish the materials, including specified kinds of closets and heaters, the whole to be done in a workmanlike manner, the evidence as to the plaintiff's compliance with the contract being conflicting, it was not error for the court to instruct the jury in the general charge and in answer to points:

1. That if the plaintiff acted honestly, and in good faith substantially performed the contract, that was sufficient, and, if in certain minor particulars the contract was not complied with, the jury might deduct from the plaintiff's damages, the difference between the value of the work as it was turned over to the defendant, and what it would cost to have it completed in strict conformity with the contract.

2. Nor, in such case, was it error to charge, substantially, that, under the plea of set-off the jury might set off against the plaintiff's claim the loss and damage, if any, occasioned to the defendant by the plaintiff's default, but that they could not render a verdict for the defendant for an excess of such loss and damage over the plaintiff's claim, if they should find such excess.

Before Paxson, C. J., Sterrett, Green, Clark and Mitchell, JJ.

No. 318 January Term 1889, Sup. Ct.; court below, No. 349 May Term 1884, C. P.

On April 14, 1884, H. M. Overpeck brought assumpsit against Mary J. Sticker and Isaac Sticker, her husband, to recover on certain contracts for work done and materials furnished in the erection for Mary J. Sticker of a building divided into three dwellings, and for extra work and materials. Pleas, non-assumpsit, payment, payment with leave, and set-off.

By one contract, the plaintiff agreed, for the sum of $550, to furnish the materials and do the plumbing and gas fitting, and to furnish a "novelty or splendid" heater for each house, with all the attachments, the heaters being guaranteed to heat the dwellings in a satisfactory manner, and in case they failed to do so, to be replaced by others; also, to put in three Philadelphia water closets latest improved; all to be done in a workmanlike manner. By the other contract, plaintiff agreed to put in a tin roof, complete, and in a workmanlike manner, for $250. Plaintiff claimed the amount of the two contracts and also $223.70 for extra work and materials. $225.73 was admitted to be due, and judgment was taken therefor. This suit was for the balance.

In defence, the defendant contended as follows: That the plaintiff failed to complete the contracts at the time agreed upon, whereby she lost tenants who had engaged to take the houses at a specified time; that the plumbing was so defectively done that the dwellings were rendered untenantable, and the water closets furnished were not the kind agreed upon; that the heaters furnished were not the kind agreed upon, were second hand, not new, and did not sufficiently heat the dwellings, so that the defendant was obliged to remove them and substitute stoves; and that the plaintiff failed to put up troughs around the roof, as required by the contract. The defendant, and witnesses called by her, testified in support of her contentions, and she therefore claimed that as the contracts were entire, and had not been fulfilled by the plaintiff, he could not recover.

The plaintiff introduced his own testimony and that of

Charge of Court below.

various witnesses called by him, to the effect that he had substantially complied with his contracts, and that the interference of the plaintiff and her changes of the plans had caused him extra work to the amount claimed by him.

The court, ROCKEFELLER, P. J., charged the jury, inter alia, as follows:

\*        \*        \*        \*        \*        \*        \*        \*

[In addition to these contracts, the plaintiff claims for certain work which he alleges was extra work; that is, work independent and outside of these contracts. You heard his testimony and the testimony of his witnesses. He testified, as you will recollect, that he did fulfil and substantially perform all that he contracted to perform, and furnished all the materials in accordance with the terms of the agreements or contracts between the parties. . . . . Now you have heard the testimony of Mrs. Sticker and her daughter and the other witnesses and you will determine from all the evidence in the case whether the plaintiff did perform his contracts. And, whilst the law is as I have stated, yet the law is founded on reason, and all that is required of a party who makes a contract is that he shall substantially perform it. If he goes on to finish his contract honestly and in good faith and does so substantially, although there may be some slight matters that he has not performed, yet he may recover, and the question as to whether he substantially performed his contract or not, is a matter to be determined by the jury from the evidence in the case.

In order to make my meaning plain in relation to this matter, I will refer you to a few cases decided by the Supreme Court. There are many of them, but a few will suffice. In the case of Chambers v. Jaynes, 4 Pa. 39, it was held: "A plaintiff, who has substantially and bona fide complied with the covenants on his part, in a written contract, is not precluded by slight omissions from receiving a fair compensation, according to such contract, where the breaches can be paid in damages." That was a contract for the erection of a building, and the judge trying the case said this: "The trifling omissions of a second coat of paint, on some of the window shutters and doors, and a grate in a cellar window, could be supplied at any time without injury or annoyance to the tenants." In the case

of Preston v. Finney, 2 W. & S. 53, it was held: "An action upon a written contract, to recover the price of certain labor and services performed, will not be defeated by proof that the plaintiff failed in some slight particulars in his performance, if it appear that he acted with a bona fide intention of fulfilling his whole contract, and the other contracting received the fruit of his labor as performed." That was a case of a contract to deliver logs, and the Supreme Court said: "The contract was a very precise one. It specified not only the number of logs and time of delivery, but the mode of cutting, quality of them, the width to be not less than thirteen inches at the top end and the smallest logs not to be crooked, to be sixteen feet long, and not to be split in getting them down the hill. If the plaintiffs really and bona fide endeavored to fulfil the contract, and thought they had, but from accident or otherwise some did not measure to the width provided for, and were rejected as defective too late in the season to supply them, and the deficiency was no more than a small portion of the number stipulated," etc. In that case the plaintiff was allowed to recover, although there was some defect in the logs and they did not entirely come up to the contract. I will refer only to one more case, that of Ellis v. Lane, 85 Pa. 265: "The defendants contracted to rebuild a mill ' to be furnished with machinery in all respects similar to that in the mill burned.' The plaintiff contended that this was intended to mean all the machinery in the mill, whether in use or not. The court found that nearly all the machinery for which the plaintiff claimed damages had gone out of use or been laid aside, and that the only machinery in contemplation of the parties was that in actual use when the fire occurred, and that having been placed therein, the contract was substantially performed." That was a case which was submitted to the court to be tried by the judge without a jury, and Justice STERRETT, in referring to the finding of the judge before whom the case was tried, said: "He further found that the contract had been substantially performed by the defendants and that the greater part of the work was fairly done; but, for defects in the frame work, roof, etc., he deducted $500 from the price agreed upon by the parties."

So you see, gentlemen of the jury, it becomes important for you under the evidence in this case to determine whether the

plaintiff substantially performed his part of the agreements in evidence. If he did not, but only performed the contracts in part, he cannot recover the price agreed upon in the contracts; but if, on the other hand, you find that he substantially performed the agreements, then we think he is entitled to recover. Now, you heard the testimony of Mrs. Sticker and her witnesses in regard to many of the items, water closets, for instance. She claims they were not in accordance with the contract; that they were not the latest Philadelphia improved; that they were not such water closets as were to be furnished and put in her house under the contract in evidence. But if these are only slight and immaterial matters, the plaintiff, as I have shown you, would still be entitled to recover, the jury of course making proper deductions from the contract price for any damages sustained by her by reason of the plaintiff not fully complying with his contract. The jury in such case should deduct whatever it would cost to put those slight matters in place, in accordance with the terms of the contract of the parties.] [6]

*       *       *       *       *       *       *       *

The plaintiff asks the court to instruct the jury:

2. The measure of damages in the plumbing work is what it would cost or the value of what it would cost to put it in the condition contracted for.

Answer: This is correct, if the jury find that there was a substantial compliance with the contract on the part of the plaintiff.[1]

4. .If the plumbing work was defective, it was the duty of Mrs. Sticker, the defendant, to proceed without delay to have the defects remedied and the job complete, and the measure of damages can be no more than the difference between the value at the time it was turned over to the defendant and the value when complete, or, in other words, the cost of making it as contracted for, if it was not so.

Answer: If the jury find that the plaintiff acted honestly and in good faith and substantially performed the contract, this point is correct.[2]

By the defendant, the court is asked to charge:

5. The plaintiff, having undertaken by his contract to furnish three water closets, one for each house, called Philadel-

phia water closets with latest improvements, and the uncontradicted evidence being that he furnished only one such closet, the contract being an entire one for the gas fitting, plumbing and heating for $550, he cannot recover in this suit anything on account of said contract.

Answer: This point is affirmed, but I refer the jury to the evidence in relation to the furnishing of the water closets, and leave it to you to determine whether the plaintiff did in good faith substantially perform the contract.[3]

6. The contract contemplates new material, and if the jury believe that plaintiff furnished defendant second-hand heaters, without her knowledge or consent, the $550 contract was not complied with and there can be no recovery on the same.

Answer: This point may be affirmed. The jury, however, is referred to the evidence in relation to the heaters; that they had been in use but a very few weeks, and if they were substantially new and the plaintiff in good faith substantially performed his contract, I cannot say there can be no recovery on the same.[4]

7. If the jury believe that, by reason of bad plumbing and defects in the heaters, the defendant was obliged to procure other means of heating her house, and to spend money in repairing and trying to remedy the defects in plumbing, to try to make the house tenantable and safe to live in, and that by reason of such defective heaters and plumbing the defendant sustained a loss of tenants who had rented, and thereby a loss of rents, the amount of such losses and damages can be set off against the plaintiff's claim; and if the amount of such loss and damages, with the $575 paid, are found to exceed the amount of the plaintiff's claim, the jury should render a verdict in favor of the defendant for the sum or amount which the said losses and damages exceed the plaintiff's legitimate claim.

Answer: If the jury find the facts stated in this point, I answer it as requested, but I cannot charge you that you may render a verdict in favor of the defendant for any sum or amount which the losses and damage exceed the plaintiff's claim. A defendant may plead a set-off and be entitled to a certificate for an amount found in his favor under the defalcation act. In the case of Vicary *v.* Moore, 2 W. 451, Chief Justice GIBSON said: "In Gogel *v.* Jacoby, 5 S. & R. 117, it was held that

Opinion of the Court.

damages for malfeasance in the execution of a contract cannot be set off in an action in suit in order to procure such a certificate." Perhaps the certificate can only be given in case the set-off is founded upon a bond, bill, receipt, account or bargain, which are the matters allowed to be set off under the act.[5]

The jury returned a verdict for the plaintiff for $493.31, and judgment was entered thereon; whereupon the defendant took this writ, assigning for error:

1, 2. The answers to plaintiff's points.[1][2]

3–5. The answers to defendant's points.[3 to 5]

6. The part of the general charge recited.[6]

*Mr. C. R. Savidge* and *Mr. S. P. Wolverton*, for the plaintiff in error.

*Mr. W. H. Hackenberg* (with him *Mr. P. L. Hackenberg*), for the defendant in error.

PER CURIAM:

If there is anything the matter with this case it is the verdict, and with that we have nothing to do. There was evidence to justify the learned judge in submitting to the jury the question of a substantial compliance with the contract. Such evidence may be generally anticipated, now that the plaintiff is a competent witness. Whether the jury should, under all the evidence in the cause, have found such substantial compliance, was a matter which was for the consideration of the court below upon a motion for a new trial. It does not concern this court; hence we express no opinion upon it. A careful examination of the case fails to disclose error in those portions of the charge contained in the first six assignments. The seventh and eighth assignments allege error in the admission of evidence. As they are not in compliance with the rule of court they have not been considered.*

Judgment affirmed.

---

*See Hawes v. O'Reilly, 126 Pa. 440; Battles v. Sliney, 126 Pa. 460.