JACOB POSNER *vs.* SAMUEL SEDER & another.

Worcester.    September 29, 1903. — October 23, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract,* Implied.

A person employed for one year to be paid a certain sum each week, under a contract which requires him to work overtime without extra pay not more than two hours in one day nor more than two months in the entire year, if wrongfully discharged before the end of the year, cannot sue on a *quantum meruit* for the overtime work alone, although he can sue on such a count for the value of all his services, crediting the amount received as part payment.

One employed under a contract and wrongfully discharged, in suing for the value of his services, need not return the money he already has received. It is sufficient if the amount received is credited upon his claim.

CONTRACT, against manufacturers of clothing, by a foreman and cutter for his services, according to an account annexed. Writ dated April 24, 1901.

At the trial in the Superior Court before *Gaskill*, J., there was evidence that the plaintiff was employed by the defendants under a contract, of which the material provisions are stated in the

opinion, and that he was discharged by the defendants before the expiration of the term of the contract.

The defendants requested the judge to rule: "1. The contract under which the plaintiff claims to have been working, having a price fixed as compensation for each week and the plaintiff having received such compensation for all the weeks he actually worked, this action brought on an account annexed for the value of services rendered during those weeks, cannot be maintained, even though the defendants refuse to allow the plaintiff to continue in their employ for the remainder of the term covered by said contract." To this request the judge said: "No, there is more to the contract and for that he has not been paid."

The defendants requested the judge to rule: "2. If the plaintiff can recover at all, it must be upon a *quantum meruit*, because the defendants terminated the contract before its completion, but to maintain an action on that ground he must have declared for value of the whole services and have credited amounts received thereon." On this request the judge said "Yes" to the first proposition, and "No" to the second proposition beginning with the word "but."

The defendants requested the judge to rule: "3. The plaintiff cannot recover for services not separable from those which have been paid for." On this request the judge said "Yes, but the extra hours are separable."

The defendants also requested the following rulings: "4. In order to recover on a *quantum meruit* the plaintiff must repay or tender to the defendants all sums received under the contract before bringing the action," and "5. Upon the whole evidence the plaintiff is not entitled to recover under his declaration." Both of these requests were refused by the judge.

The judge found for the plaintiff; and the defendants alleged exceptions.

*R. B. Dodge & W. J. Taft*, for the defendants.

*R. Hoar*, for the plaintiff.

HAMMOND, J. Under the contract the defendants were to employ the plaintiff for one year and pay him for his services $17 a week, "the same to be paid at the end of each and every week." The plaintiff was to report at the shop for duty at 6.30 A. M. and remain there on duty until 6 P. M., with the exception

of the hour between noon and 1 P. M., and was "also, without extra pay, to work overtime at said shop . . . not more than two hours in one day and not more than two months in the aggregate for the year." The defendants broke the contract by the discharge of the plaintiff. In such a case the innocent party may either sue on the contract for damages for the breach, or, if he so elects, he may regard the action of the defendants as indicating a purpose on their part to repudiate the contract, may accept the repudiation and recover upon a *quantum meruit* the value of his services as if the special contract had not existed. *Brown* v. *Woodbury*, 183 Mass. 279. In this case the plaintiff has sued upon a *quantum meruit* for the value of only a part of the services, namely, for those rendered in the extra hours named in the contract.

The plaintiff contends that the $17 which he received each week was payment for only the time between 6.30 A. M. and 6 P. M. and not for the extra time ; and that therefore he may upon breach of the contract appropriate the weekly sum to the payment of the services during the regular hours, and recover on *quantum meruit* for the extra time. The defendants on the contrary contend that the $17 was a payment for the services of the week whatever they were, and therefore that the plaintiff has been fully paid and so cannot recover.

Neither view seems to us correct. The contract was to continue a year. The weekly hours of labor were variable, and it is fair to assume that there would be a weekly variation in the value of the services. The contract is to be taken as a whole. On the one hand, the defendants could not hold the plaintiff to the work during the extra hours in any week for the sum of $17 except in connection with the other part of the contract, namely, that they were to pay him $17 in other weeks when there was no extra time ; nor on the other hand could the plaintiff hold the defendants to the payment of $17 for a week in which he did not work extra time except in connection with the other part of the contract, namely, that in any week in which he did work extra time he should receive only $17. The true construction of the contract is that it was a hiring for a year, payments to be made by weekly instalments, without reference to the weekly variation in the amount of work done. Since the payments were

made during the existence of the contract, they cannot be considered as having no reference to the other parts of the contract.

If the plaintiff desires to proceed upon the theory that the contract has been repudiated, his proper course is to proceed upon *quantum meruit* for the value of all his services less what he has received. If he has been paid what they are worth, he can recover nothing; if he has not, he may recover the balance due him. But it is plain that the sum due him is not necessarily the fair price for the extra hours in addition to the sum of $17 per week which he has received. He cannot appropriate the $17 to the payment of the ordinary week's work and sue only for the balance, because, for the reasons above stated, that is not in accordance with the contract under which the payment was made. Upon *quantum meruit* the question is what are his whole services fairly worth, and is there anything due him. Manifestly, under a contract like this, that may be an entirely different sum from the market value of the services during the extra hours. The case of *Clark* v. *Manchester*, 51 N. H. 594, is a good illustration of the principles applicable to a case like this. The second and fifth instructions should have been given in substance.

The other instructions were rightly refused. It is not necessary that the plaintiff before bringing his action should return what he has received. It is necessary only that the amount received should be credited upon his claim. *Brown* v. *Woodbury, ubi supra.*

*Exceptions sustained.*