HENRY L. MOREHOUSE *vs.* ANNA M. BRADLEY ET AL.

Third Judicial District, Bridgeport, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE AND THAYER, Js.

In an action upon a complaint in two counts, one for failure to pay the price named in a contract, the other upon the common counts for work done outside of the contract, the claim was made at the trial that there could be no recovery by the plaintiff, for the reason that the contract had not been completed. *Held* that this claim was too broad, being applicable to one count only, and an assignment of error based upon a ruling upon it might be dismissed.

A contractor may recover when the other party to the contract has prevented performance.

A contractor who has not performed his contract exactly, but has not been guilty of wilful default, may recover proper damages where

the other party to the contract has appropriated the result of his labors. Such appropriation may be necessarily implied in the judgment even if not expressly found.

Where the conclusion that the contract has been substantially completed is a question of fact, it will not be reviewed.

Argued April 22d—decided June 2d, 1908.

ACTION upon the common counts and a special count to recover a balance claimed to be due upon a building contract, and also for extra work and material, brought to and tried by the Court of Common Pleas in New Haven County, *Tyner, J.;* facts found and judgment rendered for the plaintiff upon each count, from which the defendants appealed. *No error.*

The plaintiff contracted in writing with the defendants to construct and make changes in certain buildings and a driveway connected therewith, in accordance with certain plans and specifications, for an agreed price. The plaintiff substantially performed his contract, save that the driveway was not finished as agreed. The completion of the driveway was prevented by the defendants. The defendants subsequently completed it at a cost of $35. A balance of $197 upon the contract price has not been paid. The plaintiff performed work and furnished materials not embraced in the contract. The plaintiff seeks to recover the reasonable worth of these extras and said balance of the contract price. The court rendered judgment awarding the plaintiff $81.04 for the extras, $162, being the unpaid balance of the contract price less the $35 paid by the defendants for the completion of the driveway, and interest, making $294.08 in all. The judgment-file recites that the award for extras is made under the first or common counts, and that for the work embraced in the contract under the second, or special, count. The latter count sets up the contract, performance thereof by the plaintiff, and non-payment by the defendants of a balance of $197 of the contract price.

*Cornelius J. Danaher*, for the appellants (defendants).

*Edward A. Harriman*, with whom was *Henry T. King*, for the appellee (plaintiff).

PRENTICE, J.   Upon the trial of this action the defendants claimed that the plaintiff could not recover, for the reason that the contract had not been entirely completed. The overruling of this claim is the first assigned error. The broad claim thus made was clearly not well founded, since it applied as well to work done outside the contract as to that which was covered by it.   For this reason alone the assignment of error might be dismissed.   If, however, the defendants be given the benefit of the claim limited, as it was perhaps intended to be, to the plaintiff's demand arising from the contract, it was in that form properly overruled.   It is to be observed that the claim was made generally and without regard to any distinction between the general and special counts.   No claim based upon such a distinction was made, and none is presented in the assignments of error.   We have, therefore, no concern with any question not involved in the plaintiff's right of recovery under the complaint.   If the court was technically in error in the form in which its judgment was rendered, the judgment will not for that reason be set aside now. *Jones & Hotchkiss* v. *Davenport*, 74 Conn. 418, 421, 50 Atl. 1028.

The court finds that the contract was substantially performed with the exception of a driveway, and that the work upon it had not been finished, for the reason that the defendants had prevented its completion.   A contractor may recover when the other party has prevented performance.   *Valente* v. *Weinberg*, 80 Conn. 134, 138, 67 Atl. 369; *Thompson* v. *Chotzianoff*, 80 Conn. 717, 68 Atl. 978. A contractor who has substantially, although not exactly, performed his contract, may, under circumstances like those here presented, recover.   It does not appear that the plaintiff was guilty of wilful default; and that the defendants have appropriated the results of the plaintiff's labors, although not expressly found, is so necessarily implied in

the judgment under the common counts that we ought to so assume. *Jones & Hotchkiss* v. *Davenport*, 74 Conn. 418, 420, 50 Atl. 1028. The rule by which the amount of a contractor's recovery, under the circumstances enumerated, is arrived at is well settled, and appears to have been followed in this case; but that question is not presented by the reasons of appeal, which deal only with the right of recovery generally. *Jones & Hotchkiss* v. *Davenport*, 74 Conn. 418, 420, 423, 50 Atl. 1028.

The second assignment of error embodies the proposition that there could be no recovery because the contract had not been substantially completed. The single matter in which there had not been substantial performance furnished, as we have already seen, no obstacle to recovery.

It is next charged that the court erred in its ultimate conclusion that there had been a substantial completion of the contract. The question thus determined was one of fact, and there is nothing in the finding to indicate that the court's conclusion was not justified. *West* v. *Suda*, 69 Conn. 60, 63, 36 Atl. 1015.

The remaining reasons of appeal are not pursued in the brief of counsel.

There is no error.

In this opinion the other judges concurred.