## MAPLES *against* AVERY :

### IN ERROR.

In a remonstrance against an award of auditors, it is necessary to state, with reasonable certainty, a good cause for setting aside the award.

Therefore, where a remonstrance against an award of auditors, in an action of book debt, stated, " that the auditors found, that the plaintiff's account against the defendant was more than the defendant's account against the plaintiff, and that more of the plaintiff's account was not barred by the statute of limitations than the difference between the plaintiff's and the defendant's account ;" it was held, that such remonstrance was insufficient, as it did not shew, with the requisite certainty, that the plaintiff had any just debt against the defendant.

The 17th section of the statute *tit.* 158. *c.* 1. ed. 1808. is not to be regarded as a mere act of limitation, having for its object the protection of men against stale demands, and operating upon the remedy only, without destroying the debt, but as an act of prohibition, qualified with respect to time, but otherwise absolute.   Consequently, after the expiration of the time limited without suit, charges embraced by the statute do not constitute a debt, capable of being applied or set off against the charges of the adverse party, in the liquidation of mutual accounts.

An action of book debt being brought by *Maples*, against *Ave-* *ry*, in the county court, the accounts of the parties respective- ly were referred to auditors for adjustment, who, after a full in- vestigation, found and reported, that the defendant owed the plaintiff nothing by book.

*New-London,* July, 1825.

Maples *v.* Avery.

Against the acceptance of this report the plaintiff remonstra- ted, alleging, that there were mutual accounts between the par- ties of more than twelve years standing, and that the auditors, in making up their report, decided against a plain principle of law. The plaintiff then averred, 1st, that the auditors, after having liquidated and adjusted the accounts of the plaintiff and defendant, found, that the plaintiff's account against the defend- ant was more than the defendant's account against the plaintiff; and that the difference in favour of the plaintiff in said accounts was more than 20 dollars; 2ndly, that the auditors found, that more of the plaintiff's account was not barred by any statute of limitations, than the difference between his account and the ac- count of the defendant, *viz.* the sum of 28 dollars.

To this remonstance the defendant replied, that aside from the sum of 13*l.* 11*s.* 1-2*d.* there was a balance in his favour of 7*l.* 7*s.* 11 1-2*d.*; and as to the former sum, the plaintiff was, during the whole period in which it accrued, a taverner; and this sum is composed of a great number of small charges against the defendant, for spiritous liquors, delivered to him, by the single glass, at the tavern bar, and drunk in the tavern house, of the plaintiff, at sundry times during the period of more than 12 years next prior to the 1st day of *January*, 1822. And the de- fendant claimed, that by the law of this state in force during that period, the sum in question could not be recovered, at any time subsequent to the expiration of two days next after the de- livery of such liquors, nor become the subject matter of set-off between the parties, either at law or in equity, but was abso- lutely forfeited.

On a special demurrer to this answer, the county court ren- dered judgment for the defendant; and the plaintiff thereupon brought a writ of error in the superior court; which was reserv- ed for the advice of this Court.

*Hill,* for the plaintiff in error, contended, 1. That the answer of the defendant was ill, on special demurrer, being argument- ative, and not direct. 5 *Bac. Abr.* 418. (*Gwil.* ed.) *tit.* Pleas.

I. 5. 1 *Chitt. Plead.* 518.    *Spencer* v. *Southwick*, 9 *Johns. Rep.* 314.    *Fletcher* v. *Peck*, 6 *Cranch* 126.

2. That that part of the plaintiff's account, which consisted of a tavern bill, ought to have been applied to extinguish an equal sum in the defendant's account.    If the statute limiting the recovery of tavern bills, is to receive the same construction as other statutes of limitation, there can be no doubt on this subject.    *Nichols* v. *Leavenworth*, 1 *Day* 245.    *Catling* & al. v. *Skoulding*, 6 *Term Rep.* 189.    *Cogswell* v. *Dolliver*, 2 *Mass. Rep.* 217.    1 *Swift's Dig.* 307.    Why should it not receive this construction ?  The *phraseology* and the *object* are similar.    It takes away the right to bring any action, unless it be brought within the time specified. *Stat.* 644. (ed. 1808.) *tit.* 158. *c.* 1. *s.* 17.    Other statutes of limitation use the same language—*e. g.* relating to *bonds* " no action shall be brought on any bond but within," &c. *Stat.* 460. (ed. 1808.) *tit.* 101. *c.* 1. *s.* 3. ; relating to *trespass* and *slander* " no action of trespass, nor of the case for slander, shall be brought, but within," &c. *Stat.* 460. (ed. 1808.) *tit.* 101. *c.* 1. *s.* 4. ; relating to *officers*—" no suit or action, either in law or equity, shall hereafter be brought against any sheriff &c. but within" &c.    In the revised statutes, this phraseology is used in relation to almost every subject of limitation. *Stat.* 310, 311. *sect.* 2. 3. 4. 5. 6. 7. 9. 10. 11.    The *object* of the legislature was, in this case, as in the others referred to, to discountenance credit for a longer time than the time limited, by taking away the remedy, but not to subject the party to an absolute forfeiture of his claim.    The statute does not *prohibit* a taverner from selling liquors at his bar on a longer credit than two days.

*C. Perkins*, for the defendant, insisted, 1. That the defendant's answer was sufficient in point of form, the matters contained in it, being *directly averred.*

2. That the tavern bill was properly rejected from the plaintiff's account.    The object of the legislature was, to prevent the sale of spiritous liquors, by a taverner, at his bar, on a credit ; and to effect this object, they intended to subject the transgressor to a loss of his claim—to destroy the debt itself. The provisions of the first statute regulating the conduct of taverners, passed in *October*, 1703, were found to be inadequate to suppress the vice of tipling.    In *May*, 1712, the body of the 17th section, (*p.* 644. of edit. 1808.) of the act under consider-

ation, was passed ; by which all right of action *ab initio*, was taken away. This, surely, was an absolute forfeiture of the claim. The provisions of the section have since been qualified, so as to exempt from its operation two classes of cases ; first, where the action was brought within two days; and secondly, where the debtor was a traveller or boarder. In all other cases, the forfeiture continued as absolute as before. This is not a mere statute of *repose.* It is founded on no presumption of payment. If it were, that presumption might be repelled, by an acknowledgment of the debt, or by part payment.

3. That the plaintiff's remonstrance was insufficient ; as it did not shew that there was a balance of any amount *justly due* to the plaintiff.

Bristol, J. As much certainty is necessary, in remonstrances against the award of auditors, as in pleading. In the remonstrance made to this award, it was incumbent on the defendant, with reasonable certainty, to shew some good cause for setting aside the award. This he has attempted ; but in my opinion, he has failed of bringing before the court the facts on which he intended to rely.

The remonstrance states two facts as grounds of objection to the award : 1st, That the auditors found the plaintiff's account against the defendant, was more than the defendant's account against the plaintiff, and that the difference exceeded 20 dollars : 2ndly, That more of the plaintiff's account was not barred by the statute of limitations, than the difference between the plaintiff's and the defendant's account, *viz.* the sum of 28 dollars.

From these facts the pleader infers, that the auditors committed an error, and that the award should be set aside. The obvious defect in this remonstrance, is, that no fact of any importance is stated,—nothing which shews that any erroneous decision was made by the auditors. By the expression, " the auditors found, that the plaintiff's account was more than the defendant's," can be understood nothing more than that the claim made by the plaintiff as exhibited in his account, was larger than that made by the defendant. It is not stated, that the auditors found the amount of the account justly due, but rejected it because it was outlawed. Finding that one account was *larger* than the other, is not finding that either of them was just, or

New-London, that either of them was even due.   If the plaintiff had no just
July,
1825.
debt, it is of no importance whether more or less of his account
had been barred by the statute of limitations.

Maples
v.
Avery.
          Tne answer to the remonstrance shews, that no recovery by
the plaintiff ought to be had.   The account for which the plain-
tiff sought a recovery, consisted of charges for liquor sold by
the glass to the defendant, and drunk in the plaintiff's tavern.
The plaintiff claims, that the 17th section of the statute in force
during the account, was a mere act of limitations, and that af-
ter the expiration of the two days allowed for bringing an ac-
tion, it is still a just debt, and to be governed by the same rules
as apply to all other debts, where the statute of limitations has
run.   On the other hand, in the opinion of the Court, the ob-
ject of the legislature was a qualified or conditional prohibition
of suits founded on tavern charges of this kind, by compelling
them to be brought within two days after the credit was given,
if brought at all, and prohibiting their being brought afterwards,
not for the purpose of protecting men against stale demands,
but to discourage the sale of spiritous liquors, on credit.
From *May*, 1712, to 1750, the bringing of actions for drink sold
by tavern-keepers, was *prohibited*.   To this prohibition was then
added a proviso in these words, " unless the same be brought
within two days after such sale and drinking."   This merely
modifies the former prohibition; and after the lapse of the two
days without suit, the prohibition is as absolute as it was before,
and for the same reasons.   To consider this as an ordinary
statute of limitations, liable to be avoided by a new promise of
the defendant, would be doing away all the benefits intended
from the provision, and would be contrary to the whole spirit
of the act regulating taverns.

          The other Judges were of the same opinion.

                                        Judgment affirmed.