PASQUALE VALENTE *vs.* ISRAEL WEINBERG.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

A building contract, in article five, authorized the owner to provide labor and materials at the contractor's expense if the architects should certify that the contractor was in default in performing the contract; and further, to terminate the contractor's employment and hire others to finish the work if the architects should certify that the default was a sufficient ground for such action. *Held* that these provisions must be strictly construed and strictly pursued; and therefore a certificate of the architects to the effect that the contractor was in default and that such default was a sufficient cause for the owner "to proceed as provided in Article 5 of his contract," was not specific enough to justify him in terminating the contractor's employment.

As a general rule performance is a condition precedent to a recovery for labor and materials furnished under a special contract; but when one party without fault on his part is prevented by the other from completing the contract, he may treat it as rescinded and recover on *quantum meruit* for the part performed, or sue for damages for the breach of the contract.

The measure of damages, if the contract is treated as rescinded, is not the contract price less the cost of completing the contract, but the reasonable value of the services and materials furnished.

The case of *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183, distinguished.

Argued June 6th—decided July 30th, 1907.

ACTION to recover for services rendered and material furnished under building contracts, brought to and tried by the Superior Court in New Haven County, *George W. Wheeler, J.;* facts found and judgment rendered for the

plaintiff for $1,986, and appeal by the defendant. *No error.*

*Charles S. Hamilton* and *John L. Gilson*, for the appellant (defendant).

*Benjamin Slade*, for the appellee (plaintiff).

THAYER, J. The plaintiff and defendant entered into two contracts for the erection of a brick apartment house by the former upon the land of the latter. The second contract provided merely for additions to and changes in the earlier one, and we may refer to them as one contract. The plaintiff claims that after he had nearly completed the building the defendant unlawfully ejected him from the premises and prevented his completion of the contract. He sues to recover the value of the labor and materials which he had furnished before he was ejected. The defendant admits that he ejected the plaintiff and terminated his employment under the contract, but claims to have done so pursuant to article five of the contract, and by his answer and counterclaim seeks to recover from the plaintiff the amount which the defendant has paid to another person to complete the building.

If the plaintiff, without fault on his part, was prevented by the defendant from completing the contract, he could treat it as rescinded and recover, *quantum meruit*, for the work and labor performed under it, or he could bring his action for damages against the defendant for breaking the contract and preventing the plaintiff's performance of it. *Derby* v. *Johnson*, 21 Vt. 17, 21 ; *Wright* v. *Haskell*, 45 Me. 489, 492 ; *United States* v. *Behan*, 110 U. S. 338, 344, 4 Sup. Ct. Rep. 81 ; *Chicago* v. *Tilley*, 103 U. S. 146, 154 ; *Connelly* v. *Devoe*, 37 Conn. 570, 576. If, on the other hand, the plaintiff failed to perform his contract and the defendant rightfully entered and completed it, acting under the terms of the contract, the plaintiff cannot recover. The case turns, therefore, upon the question whether the defendant rightfully entered and ejected the plaintiff.

Valente *v.* Weinberg.

Article V of the contract reads as follows : " Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect, or failure being certified by the architects, the owner shall be at liberty after three days' written notice to the contractor to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract ; and if the architects shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work, and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor ; and in case of such discontinuance of the employment of the contractor, he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor ; but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner, as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

This article contemplates that there may be a neglect or failure on the part of the plaintiff of such a character as not to constitute a sufficient ground for terminating his employment, and it also contemplates that there may

be such negligence or failure on his part as to constitute such ground and to warrant such procedure. In the former case one form of certificate by the architects and one course of proceeding by the defendant is provided for, while a different certificate and a different proceeding is provided for in the latter case. The plaintiff's negligence or failure might be of such a character as not to warrant either proceeding. Of this the architects were to be the judges, and to justify the defendant in taking either proceeding, and especially the harsh one of terminating the plaintiff's employment, taking his tools and materials and turning the completion of the contract over to a third party beyond the plaintiff's control but at his expense, the provisions of article five, strictly construed, should be strictly pursued. *Wilson* v. *Borden*, 68 N. J. L. 627, 629, 54 Atl. 815; *Champlain Const. Co.* v. *O'Brien*, 104 Fed. Rep. 930, 933; *Spencer* v. *Duplan Silk Co.*, 112 Fed. Rep. 638, 641. The article provides, as a condition precedent to the defendant's right to terminate the plaintiff's employment, that the architects shall certify not only that there has been a refusal, neglect, or failure on the part of the plaintiff of the kind mentioned, but also that such refusal, neglect, or failure is a sufficient ground for such action. On two occasions the architects, at the defendant's urgent solicitation, wrote him as follows : " We hereby certify that in our opinion Pasquale Valente, contractor on your new building on College Street, neglects to supply a sufficiency of properly skilled workmen and materials, and fails in every respect to prosecute the work with promptness and diligence, and we hereby certify that you have sufficient cause to proceed as provided in Article V of his contract." The two certificates were alike, except that the first, dated March 7th, 1905, was accompanied by a list of materials necessary to be put in to complete the work, and an enumeration of some defective work. The defendant notified the plaintiff of this certificate and the latter began to remedy the defects. On the 28th of March the defendant procured the second certificate, and at once notified the

plaintiff to vacate the building and premises. The certificates do not state that the architects are of opinion that the defendant has cause to proceed, under the second part of article fifth of the contract, to terminate the plaintiff's employment, nor do they state that the neglect and failure of the plaintiff constitute a sufficient ground for terminating it. We think, as already indicated, that such a certificate, in strict compliance with the terms of article five, was essential, and that the defendant in proceeding to eject the plaintiff and prevent his performance of his contract without such certificate acted wrongfully. The plaintiff, therefore, is entitled to recover for the services and materials furnished in the construction of the building.

The court correctly overruled the defendant's claim that, if the plaintiff was entitled to recover, " the measure of damages is that adopted in *Pinches* v. *Church*, 55 Conn. 183, 10 Atl. 264, viz: the total which the plaintiff could have recovered, less what it cost to complete the building," deducting any payments which had been received by him. The case referred to and the present case are within well recognized but different exceptions to the general rule that no recovery can be had for labor or materials furnished under a special contract unless the contract has been performed. The present case is within the exception which permits a recovery by the contractor when the other party has incapacitated himself to perform his part of the contract, or prevented the contractor from performing his. The failure to perform being due to the defendant and without fault on the plaintiff's part, it would be unjust that he should suffer because of the defendant's fault while the latter reaps the full benefit of the contract. *Pinches* v. *Church* was within the exception which allows a recovery when the contractor has deviated slightly from the terms of the contract, not wilfully but in good faith, and the other party has availed himself of and been benefited by the labor and materials furnished. In such a case it is manifestly just that the latter should be allowed for any reasonable expense incurred in remedying the defect, or

in making additions necessary to complete the work.  In *Pinches* v. *Church*, it being impracticable, at a reasonable price, to complete the work according to the contract, the plaintiff was allowed the contract price less the diminution in value of the building by reason of the deviations. The difference between that case and this is clear, and the reason for a different rule of damages is equally clear.

Had the plaintiff in the present case, instead of treating the contract as rescinded, sought to recover damages for the defendant's breach of it, a different rule of damages, but not that contended for by the defendant, would have applied.  *United States* v. *Behan*, 110 U. S. 338, 4 Sup. Ct. Rep. 81 ; *Derby* v. *Johnson*, 21 Vt. 17.  But the allegations of the complaint are not adapted to such a cause of action, and it must be treated as an action to recover for services rendered and materials furnished.

The defendant alleges error on the part of the trial court in holding that he was not entitled to recover the items referred to in paragraph thirteen of the finding.  But all these items were in effect allowed him in the judgment, except the loan of $462, which was not recoverable under the pleadings.

The remaining reasons of appeal need not be discussed, because their soundness depends upon the validity of the defendant's claims (already considered and decided adversely to his contention), that the action is upon the contract and that the architects were *quasi* judges between the parties and had given a certificate which warranted the defendant in terminating the plaintiff's employment.

There is no error.

In this opinion the other judges concurred.