### DUDLEY E. HOYT *vs.* ARTHUR C. POMEROY.

First Judicial District, Hartford, March Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A building contract provided that if the contractor should refuse or neglect to supply skilled workmen and proper materials, or should fail to prosecute the work with promptness and diligence, and the architect should certify that such refusal, neglect, or failure warranted it, the owner might terminate the employment of the contractor and finish the work at his expense, which, when audited and certified by the architect, should be conclusive on the parties. *Held:*—

1. That in order to justify the owner in terminating the contractor's employment and finishing the work at his expense, these provisions must be strictly followed; that the architect occupied a judicial position and was bound to express in some appropriate written form his opinion that sufficient cause existed to take the work out of the contractor's hands; and that a personal letter from the owner to the contractor, setting forth the owner's views as to the contractor's delinquencies, and notifying him that on a certain date the owner would provide such labor and material as might be necessary to complete the work, at the bottom of which the architect appended an O. K. and his own signature, was not such a certificate as the contract required.

2. That it was essential that the expense incurred by the owner after

taking the work into his own hands should be audited and certified by the architect, before it could be allowed as a counterclaim against the contractor's demand.

When one party, without fault on his part, is prevented by the other from completing the contract, he may treat it as rescinded and recover the reasonable value of the services and materials furnished, or sue for damages for the breach of the contract.

A remonstrance to the acceptance of a committee's report which finds only the ultimate fact, should state specifically the rulings complained of, and such facts as may be necessary to show their materiality to the issue before the committee, so that the facts relied upon by the remonstrant may thus be spread upon the record. The adverse party may then deny the alleged facts and rulings, or, admitting them, may demur, and thus present the questions of fact or of law which the judge or court is to try.

Questions of fact tried by a committee cannot be retried by the court upon a remonstrance.

Argued March 5th—decided May 8th, 1913.

ACTION to recover for work and labor and material furnished pursuant to a building contract, also to recover for certain items of extra work and labor, brought to the Superior Court in Fairfield County and referred to a committee who heard the parties and reported the facts; the court, *Burpee, J.,* accepted the original and supplemental reports, overruled a remonstrance thereto filed by the defendant, and rendered judgment for the plaintiff for $2,943, from which the defendant appealed. *No error.*

*Clement A. Fuller,* for the appellant (defendant).

*J. Lindsay Hoyt,* for the appellee (plaintiff).

RORABACK, J. The plaintiff is a builder, and contracted in writing with the defendant to build a house for him. The complaint alleges that on the        day of May, 1906, the plaintiff began to perform his part of the contract and so continued until September 11th, 1906, when the defendant refused to permit

the plaintiff to finish his part of the contract, and took from the plaintiff the plans and details of the buildings mentioned in the contract, and gave to him a formal notice that he must cease work upon the building; that at this time there was due to the plaintiff for work and materials furnished in pursuance of the contract $3,446; and a further claim of $227 is set forth in the second count of the complaint for services and materials furnished to the defendant at his request.

Article five of the contract required that "should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architect, the owner shall be at liberty after three days' written notice to the contractor to provide any such labor or materials and to deduct the cost thereof from any money then due or thereafter to become due to the contractor, under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor, for the said work and to enter upon the premises and take possession for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such ex-

cess shall be paid by the owner to the contractor; but if such expense shall exceed such unpaid balance the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided either for furnishing materials or for finishing the work, and any damage incurred through such default shall be audited and certified by the architect, whose certificate shall be conclusive upon the parties."

The defendant, under his answer and counterclaim, asserts that he is entitled to recover of the plaintiff $9,000, or such an amount as may be found due him over and above the plaintiff's claim.

The basis of this claim is that the plaintiff, in the prosecution of the work, did not conform to the provisions of the contract, in that he did not prosecute the work with diligence; that he failed to employ skilled workmen and furnish proper materials; that, after such neglect had been certified to by the architect, he gave the plaintiff written notice that on the 14th day of September, 1906, he would provide such labor and material as might be necessary for the prompt and final completion of the work agreed to be done under the agreement, and would deduct the cost thereof and charge the same to any money that might be found due or might become due to the plaintiff; that in pursuance of this notice he discharged the plaintiff and completed the work included in the contract, as nearly as the same could be done, at an expense of not less than $11,714.74.

A committee was appointed to hear the evidence and report the facts in the case.

The committee filed his report in court, which was recommitted for further report, and a supplemental report was filed. The defendant filed a remonstrance to the report and supplemental report. This remonstrance was found untrue, overruled, the reports accepted, and the issues upon the complaint and counter-

claim found for the plaintiff, and judgment was rendered for the plaintiff to recover $2,943.67.

The provisions in article five, referred to, made the architect for this occasion a judge of the rights of the parties, and it was for him to certify not only that there had been a failure to perform upon the part of the contractor, but also that that failure, under certain conditions, warranted terminating the contract and the completion of the work by the defendant.

The writing upon which the defendant relies is in the following form: "To Dudley E. Hoyt, South Norwalk, Conn. New York, Sept. 8, 1906. Sir: In view of the fact that you have for a long time past neglected to supply a sufficiency of properly skilled workmen and materials to carry out the contract entered into between you and myself for the completion of the dwelling house, dated April 14th, 1906, and also in view of the fact that you have failed in the performance of said contract in that you have not performed the work in accordance with said contract and the specifications annexed thereto, which said neglect on your part, and failure to perform said agreement has been certified to by J. Sarsfield Kennedy, the architect, I hereby give you notice that on the 14th inst. I shall provide such labor and material as may be necessary for the prompt and final completion of the work agreed to be done under said agreement and shall deduct the cost thereof and charge the same to any money that may be found due or may become hereafter due to you. Yours truly, Arthur C. Pomeroy. O. K., J. S. Kennedy, Architect. Sept. 8th, '06."

This is not such a certificate as the contract requires. When the parties to a building contract have made the certificate of an architect a condition precedent to the assertion of a right thereunder, such certificate should be exact and conform to the conditions in the

contract relied upon. "To justify the defendant in . . . terminating the plaintiff's employment, taking his tools and materials and turning the completion of the contract over to a third party beyond the plaintiff's control but at his expense, the provisions of article five . . . should be strictly pursued." *Valente* v. *Weinberg*, 80 Conn. 134, 137, 67 Atl. 369. "The architect occupied a judicial position as to the parties, and was bound to act impartially upon his own judgment, and to express in some appropriate language, in writing, his opinion that there was sufficient ground to take the work out of the contractor's hands." *Wilson* v. *Borden*, 68 N. J. L. 627, 54 Atl. 815. The document now before us is a personal letter from the owner of the building to the contractor, at the bottom of which the architect has made the memorandum "O. K." Apparently it is an attempt upon the part of the defendant to take from the plaintiff the protection of the architect and substitute for it the defendant's own conclusions. It does not contain the essential element upon which the defendant relies to justify his action in terminating the contract. It fails to state that in the opinion of the architect the neglect and failure of the plaintiff constituted a cause for the termination of the contract. It follows, therefore, that the defendant could not avail himself of the certificate of the architect as an authority to rescind the contract and discharge the plaintiff. When one party without fault on his part is prevented by the other from completing the contract, he may treat it as rescinded and recover on *quantum meruit* for the part performed, or sue for damages for the breach of the contract. The measure of damages, if the contract is treated as rescinded, is not the contract price less the cost of completing the contract, but the reasonable value of the services and materials furnished. *Valente* v. *Weinberg*, 80 Conn. 134, 135, 67 Atl. 369.

The plaintiff claims to recover for the labor and material which he had furnished under the contract before the defendant terminated it, also $227 for extra labor and material not called for in the contract.

The committee found that it was impossible to compute with mathematical certainty the value of the labor and materials so furnished by the plaintiff, and that he was satisfied from the evidence that such materials and services were reasonably worth to the defendant the sum of $5,000, and that, the plaintiff having been paid the sum of $2,875, there was due him on September 14th, 1906, the sum of $2,125, under the first count of the complaint, also that there was due for extras under the second count of the complaint the sum of $52.

As hereinbefore stated, the trial court overruled the defendant's remonstrance to the reports of the committee, accepted the reports, and rendered judgment for the plaintiff to recover $2,177, with interest.

The grounds of the remonstrance were that the committee found that, in case any judgment should be rendered for the plaintiff, it should be for $2,125, being the difference between the value of the materials and labor furnished by the plaintiff, which it is found amounted to $5,000, and the sum of $2,875, which it is found was paid by the defendant to the plaintiff on account of the contract in question; but no account is taken by said committee in his reports of the $1,000, which it is found it cost the defendant to remove and replace work not in accordance with the contract, nor is any account taken of the $500, which it is found was the damage to the defendant on account of work not in accordance with the contract which it was impossible to correct.

Numerous reasons of appeal are assigned upon ques-

tions which it does not appear that the trial court was called upon by the remonstrance to decide.

The proper way of correcting errors in a trial before a committee is by a written remonstrance to the acceptance of the committee's report, filed in the trial court, where such errors, if there are any, may be corrected, and the case may be recommitted, if necessary, for a further hearing or finding. Such remonstrance should distinctly state the erroneous rulings complained of. *Geary* v. *New Haven*, 76 Conn. 84, 91, 55 Atl. 584; *Maples* v. *Avery*, 6 Conn. 20, 23. In the case of *Fox* v. *South Norwalk*, 85 Conn. 237, 240, 82 Atl. 642, this court states that "where the committee reports only the ultimate fact found, the party claiming to be aggrieved by any ruling or conduct of the committee on the hearing, and seeking relief therefrom, must, unless the court, on motion, recommits the report, file a remonstrance against the acceptance of it, and therein state specifically the rulings complained of, with such facts as it is claimed show their materiality to the issue before the committee, and that they were wrong and harmful to the remonstrant. . . . The facts relied upon by the remonstrant are thus spread upon the record. If the other party asserts that there were no such rulings as claimed, he can answer the remonstrance by a denial of the facts alleged. If he admits that the rulings complained of were made, but claims that they were correct, or, if not correct, not harmful to the remonstrant, he may demur. The questions which the court or judge is to try upon a remonstrance are the questions of fact or law thus presented. The questions of fact tried by the committee cannot be retried by the court upon a remonstrance."

There is nothing in the report of the committee to show that these items of $1,000 and of $500 were not duly considered by the committee in reaching a con-

clusion as to the reasonable value of the plaintiff's services. Upon the other hand, it appears from the judgment-file that the court finds the remonstrance untrue. Furthermore, article five of the contract, in the last sentence, provides that the expense incurred, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties. This has never been done. Under such conditions, the answer and counterclaim, which are based upon the contract, are of no avail to the defendant, and the plaintiff was entitled to recover the reasonable value of the services and materials furnished, which the committee found to be $2,177, together with interest from September 14th, 1906, making the amount for which judgment was rendered.

There is no error.

In this opinion the other judges concurred.