ISRAEL W. GOLDFARB ET AL. vs. JACOB COHEN.

Third Judicial District, Bridgeport, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Under the rules (Practice Book, p. 247, § 155d) a plaintiff has the right to file an amended complaint within twenty days after a demurrer to the original complaint has been sustained.

A demurrer, although in form addressed to the whole complaint, is properly overruled if it reaches only one of two or more separate causes of action therein alleged.

In a so-called written guaranty the defendant promised to be responsible to the plaintiffs for $1,275, the contract price for electrical work on three houses which were being built for one Ruderman,

"in the event of there not being enough money fifty days after the entire completion of the three houses." *Held* that the completion of the houses was not a condition precedent to the existence of the defendant's liability, but merely fixed the date at which the ability of the premises to respond to the plaintiffs' demand was to be ascertained; and that inasmuch as the houses after having been partly destroyed by fire were not completed but were abandoned to a mortgagee, the impossibility of the plaintiffs getting their pay out of the houses thereupon became an accomplished fact.

The amended complaint counted not only on the guaranty, but also charged the defendant with liability as the real owner of the houses and the undisclosed principal in the plaintiffs' contract with Ruderman. In this aspect of the case the defendant insisted that there could be no recovery until the contract had been fully performed, and that the destruction of the plaintiffs' work by fire before its completion cast the loss upon them. *Held* that this contention was inapplicable; that the action was not on the contract but on the promise which the law implied where the full performance of the special contract had been prevented by the fault of the person for whom the work was to be done.

A contractor working on a structure which is owned by his employer and the continued existence of which is essential to the full performance of the contractor's work, is entitled to recover the value of his work and material which have become a part of the building before its destruction by fire, if destroyed without his fault and before the completion of his contract.

The case of *School District No. 1* v. *Dauchy*, 25 Conn. 530, distinguished.

One who is in fact the secret owner of buildings for work upon which he appears as a mere guarantor, is liable to the contractor, after the latter discovers that fact, either as owner or as guarantor.

Evidence of statements made by the defendant when the written guaranty was delivered were received to show the circumstances under which it was given, and as tending to show that the defendant was the real owner of the premises. *Held* that there was no error in this ruling.

Inquiry was made of Ruderman as to whether the houses were insured and whether the fire loss had been paid. *Held* that these questions were relevant, and that while the finding. did not show what, if any, answer was made to the latter question, a negative answer, if made, supplied a reason for the abandonment of the property to the mortgagee and also a basis for an inference that the inability to collect the insurance, and therefore to complete the houses, was due to some fault or neglect of the owner.

Ruderman was asked what the value of the property was as far as the buildings had progressed at the time of the fire. *Held* that this question was properly excluded, the plaintiffs having had no op-

portunity to redeem before the fire and not being bound to redeem at any time.

Argued October 25th—decided December 15th, 1917.

ACTION to recover for labor and material furnished in doing electrical work on buildings which were alleged to have been owned by the defendant, and for which he was also a guarantor, brought to the Superior Court in New Haven County where a demurrer to the amended complaint was overruled (*Gager, J.*) and the cause was afterward tried to the jury before *Tuttle, J.*; verdict and judgment for the plaintiffs for $959, and appeal by the defendant. *No error.*

The plaintiffs entered into a contract with one Ruderman to furnish materials and perform work as electrical contractors on three houses then under construction, and in so doing they relied on a writing, signed by the defendant, in the following form: "This is to certify that I, Jacob Cohen of New Haven Lumber Company, will be responsible to Goldfarb and Schultz for the amount of twelve hundred and seventy-five dollars ($1,275) contract price on the three houses which is being built on Lake Plàce by Samuel Ruderman, in the event of there not being enough money fifty days (50) after the entire completion of the three houses. Jacob Cohen."

Plaintiffs had put about $900 worth of labor and materials into the houses when they were partly burned. After the fire a foreclosure suit was brought by the first mortgagee, to which both the plaintiffs and the defendant were parties as lienors, and the premises were redeemed by a subsequent incumbrancer, who took title and possession and employed other electrical contractors. The plaintiffs have never been paid, and by reason of the failure of Ruderman and of the defendant to redeem the premises, have been pre-

vented from completing their contract, although able and willing to do so.

The original complaint was based wholly on the writing above quoted, and a demurrer to the complaint was sustained on the ground that it did not allege the completion of the houses, or that there was not money enough fifty days thereafter. An amended complaint was then filed charging the defendant with liability not only on the written instrument, but also as the real owner of the houses and the undisclosed principal in the plaintiffs' contract with Ruderman. A demurrer to the amended complaint based on substantially the same grounds as before, was overruled. The defendant answered, admitting the execution of the writing, the partial destruction of the houses by fire, and the failure to complete the houses or redeem the premises, but denying all the other allegations of the complaint.

The jury returned a verdict for the plaintiffs which, under the instructions of the court, may have been based either on a finding that the defendant was liable as owner of the houses and as undisclosed principal in the plaintiffs' contract with Ruderman, or on a finding that the defendant was liable only as a surety or guarantor.

The defendant appeals from the refusal of the court to set aside the verdict, and for alleged errors in permitting the plaintiffs to file the amended complaint, in overruling the demurrer to the amended complaint, in omitting and excluding evidence, and in charging and refusing to charge the jury.

*Benjamin Slade*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellees (plaintiffs).

BEACH, J. The court did not err in granting the plaintiffs' motion for leave to file the amended com-

plaint. In fact no motion was necessary, for the amended complaint was filed within twenty days after the demurrer to the original complaint had been sustained. Practice Book, § 155 (d), p. 247. No attempt was made to separate and strike out the cause of action based on the written instrument, which had already been successfully demurred to. The demurrer to the amended complaint was based substantially on the ground that the written instrument, which for the sake of brevity may somewhat inaccurately be called a guaranty, expressed the entire obligation of the defendant, whether as owner or as guarantor, and that it created no obligation on the part of the defendant until the expiration of fifty days after the entire completion of the houses.

The demurrer was properly overruled, because, although addressed to the whole complaint, it does not reach the cause of action based on the defendant's ownership of the premises. As owner and as the undisclosed principal of Ruderman, the defendant was liable on the plaintiffs' contract for electrical work and supplies, and also on the implied obligations arising out of that contract irrespective of the written guaranty.

We also hold that the amended complaint states a good cause of action upon the guaranty, notwithstanding the lack of any sufficient allegation that the houses had been completed. So far as the guaranty is concerned, the complaint rests the defendant's liability, not upon the completion of the houses, but upon the allegation that without the plaintiffs' fault and solely because Ruderman abandoned the completion of the houses, the plaintiffs were prevented from getting any money out of them.

According to the amended complaint, the guaranty was demanded because Ruderman's personal credit

was unsatisfactory, and the plaintiffs were unwilling to proceed with the work without some better security than that which their right to a mechanic's lien would afford. The purpose of the written guaranty was to give them this additional security. The substance of the agreement is that the defendant will be responsible in case the plaintiffs cannot get their pay out of the houses, and the phrase "fifty days after the entire completion of the three houses," does not create the contingency upon which the guaranty shall become effective, but merely fixes the date at which the ability of the premises to respond to the plaintiffs' demand shall be ascertained. As guarantor, and in that character only, the defendant had no interest in the entire completion of the houses except as fixing such date. This is not a case where time is of the essence of the contract, for neither party agrees to do anything at or before the date named. The phrase in question merely fixes a date at which a fact is to be ascertained, and the date is fixed with reference to the expectation of the parties that a third person, Ruderman, will complete the houses. The houses were not completed, but abandoned to a mortgagee, and because they were not completed, the very fact to be ascertained— namely, that the plaintiffs could not get their pay out of the houses—became a fact accomplished. Under these circumstances it would defeat the primary purpose for which the guaranty was given, to hold that the completion of the houses was a condition precedent to the existence of any liability on the defendant's part.

This same claim, that the defendant could not become liable as guarantor unless and until the houses were completed and then not until fifty days thereafter, underlies all of the assignments of error which are directed to those portions of the charge dealing with the defendant's liability as guarantor. For the

reasons already given, assignments of error numbered 10, 24, 42 and 43 are overruled.

Assignments of error 26 to 41, inclusive, involve the same claims, and in referring to those reasons of appeal the defendant's brief complains that the court repeatedly told the jury that it was the duty of the defendant to redeem the premises and complete the houses. This is a misinterpretation of that part of the charge which correctly states that the plaintiffs could not be deprived of the value of their materials and labor simply because the owner of the houses (whether Ruderman or the defendant) neglected or omitted to complete them. The court also observed that the neglect to redeem and complete the houses was "a sufficient admission that there was no money to pay the plaintiffs," and the brief objects to this phrase. It is immaterial whether the characterization of the defendant's conduct as an admission is correct or not, because, as already pointed out, the necessary effect of the decree of foreclosure was to make it impossible for the plaintiffs to get their pay out of the houses; and that being the indisputable fact, it makes no difference whether the defendant admitted it or not. The claim that the plaintiffs themselves were for any reason bound to redeem is plainly unsound, for the very purpose of the guaranty was to give them some other security than their lien upon the houses.

We come now to the assignments of error based upon the assumption that the defendant is the real owner of the premises. Assignments of error numbered 11 and 12 are based on the refusal of the court to charge in substance that there can be no recovery on an entire contract until it has been fully performed, and that the destruction of the plaintiffs' work by fire before its completion, cast the loss upon the plaintiffs. These requests were properly refused. The action here is

not on the contract, but on the promise which the law implies in cases where the full performance of a special contract is prevented by the fault of the person for whom the work was to be done. *Valente* v. *Weinberg*, 80 Conn. 134, 135, 67 Atl. 369, and cases cited. The findings do not show that the plaintiffs' work was destroyed by the fire. Even if they did, the rule in *School District No. 1* v. *Dauchy*, 25 Conn. 530, on which the defendant relies, does not apply to the case of a contractor employed to do work upon an existing structure, which is already the property of the employer, and whose continued existence is essential to the full performance of the work. In such cases one of the implied conditions of the contract is that the building should continue to exist, and if it is destroyed by fire, without fault of the contractor, before the work is completed, the contractor may recover the value of the work and material which had become a part of the building before its destruction. *Angus* v. *Scully*, 176 Mass. 357, 57 N. E. 674.

Assignments of error 13 and 25 raise the additional claim that the defendant, even if the real owner of the houses, was liable only under the written guaranty, on the theory that all implied obligations of the defendant were merged in or excluded by the delivery and acceptance of the written obligation. It is, however, too plain for argument, that if the defendant, while holding himself out as a mere guarantor, was in fact the secret owner of the houses, the plaintiffs could, on discovering that fact, hold him liable either as owner or as guarantor.

Assignment of error numbered 44 relates to the part of the charge wherein the court pointed out that on the defendant's own construction of the guaranty, it must necessarily have been understood that the houses were to be reserved for the payment of the obligations on

them, and then called the attention of the jury to the fact that the defendant had admitted receiving from Ruderman $2,000 of the proceeds of a building loan secured by mortgage on the premises, and had admitted applying this sum to the payment of the debt which Ruderman owed him for lumber supplied for another building on another street. This part of the charge was not erroneous in point of law, and it appears to have been justified in point of fact by the testimony quoted on the defendant's brief. It was also plainly relevant comment on the issue of the actual ownership of the premises.

The court did not err in refusing to set aside the verdict. There was plenty of evidence from which the jury might reasonably have inferred that the defendant was the real owner of the premises.

The testimony of Goldfarb as to the conversation he had with the defendant at the time when the written guaranty was delivered, was admissible to show the circumstances under which it was given, and also as tending to show that the defendant was the real owner of the premises.

The question asked of the witness Skerrit on cross-examination, "Now, you would like to see Cohen lose this case, wouldn't you?" was improper in form and rightly excluded.

The questions asked of Ruderman, whether the houses were insured and whether the fire loss had been paid, were relevant. It does not appear from the finding whether the latter question was answered, but if answered in the negative, it supplied a reason why the owner (whether Ruderman or Cohen) abandoned the property to the mortgagee. The jury might also properly infer from such an answer, and in the absence of any other testimony on the subject, that the inability to collect the insurance, and therefore the

ability to complete the houses, was due to some fault or neglect on the part of the owner.

The question asked of Ruderman, "What was the value of the property as far as you had gone with it before the fire?" was properly excluded. The plaintiffs had no opportunity to redeem until after the fire, and they were not bound to redeem at any time. The other assignments of error are not pursued on the brief.

There is no error.

In this opinion the other judges concurred.