DAVID POLAK ET AL. *vs.* SARAH KRAMER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 7th—decided May 16th, 1933.

*Jacob Caplan,* with whom was *George L. Kramer,* and, on the brief, *Arthur B. Weiss,* for the appellant (defendant).

*Nelson Harris,* for the appellees (plaintiffs).

MALTBIE, C. J. The plaintiffs are in partnership as architects. One of them, David Polak, at the defendant's request, called upon her with reference to plans for remodeling a building she owned. He offered to prepare preliminary sketches for which there would be no charge unless they finally took the job. She authorized him to proceed with these sketches. He submitted them to her on September 29th, 1931, and then informed her that he had proceeded as far as he could with the preliminary work, that he could do no more unless she definitely decided to alter the build-

ing and employed him to do the architect's work, that if he was to proceed with the job he would require a key to the house, that if the defendant desired to drop the matter then, there would be no charge, but if she authorized the plaintiffs to continue, a charge would be made covering the entire work and that no further services could be rendered without compensation. The defendant stated to him that she would provide a key if she decided to proceed in the matter and requested him to send her a written statement as to the firm's charges if they did the work. Under date of October 1st, 1931, the plaintiffs sent the defendant a letter outlining the services they would perform, which included the receiving of bids, making of contracts and oversight of the work, and stating that the architects' fee for their services would be based upon six per cent of the accepted price, and that the usual method of payment of architects' fees was two thirds of the commission when the price was agreed upon and the final third at the completion and acceptance of the job by the owner. The next day Polak went to the defendant's home and proceeded with her to the building which was to be remodeled, where various details of the proposed alterations were discussed. At the conclusion of the interview, the defendant verbally authorized the plaintiffs to proceed with the preparation of final plans, specifications, etc., and agreed to pay the fees mentioned in the letter, which she then had in her possession, and she also gave Polak a key to the premises. Thereafter the plaintiffs proceeded with the work. On October 9th Polak again visited the defendant and discussed certain details of the plans and drawings with her. At this meeting the defendant intimated that she was having some difficulty in arranging to finance the alterations, but assured the plaintiff that it was all right and that she wanted to

proceed. On October 15th, 1931, Polak notified her by telephone that he had everything in such a state that he could finish up and requested a conference. The defendant replied that she was ill and could not see him that day but would call him up in two or three days. On October 20th, 1931, the defendant notified the plaintiffs that they were to suspend operations, and on the evening of that day, at a conference with Polak, she instructed him to proceed no further, denying that she had ever authorized the work or agreed to pay for it. Thereupon the plaintiffs suspended work on the plans and specifications and they were never fully completed although they required only a few finishing touches. The defendant had been unable to finance the proposed alterations of the building and had secured a tenant for it in its then condition. The reasonable value of the plaintiffs' services was $658.50, for which sum, with interest, the trial court gave them judgment. From this judgment the defendant has appealed.

The defendant has caused all the evidence to be certified, but has not followed the practice established by our rules of procedure for securing corrections in the finding. We must therefore decide the case upon the finding as made. From this it appears that the plaintiffs and the defendant entered into an agreement by the terms of which the plaintiffs were to perform services as architects in connection with the remodeling of the defendant's building and for all services which they had rendered or were to render, including the drafting of the preliminary sketches, they were to receive a fee based upon the accepted price of the work. The defendant clearly repudiated the contract, and the plaintiffs were, therefore, entitled to recover at least the reasonable value of the services they have performed. *McCleave* v. *Flanagan Co.*, 115 Conn.

36, 40, 160 Atl. 305; *Valente* v. *Weinberg*, 80 Conn. 134, 135, 67 Atl. 369; *Hoyt* v. *Pomeroy*, 87 Conn. 41, 46, 86 Atl. 755; *Goldfarb* v. *Cohen*, 92 Conn. 277, 284, 102 Atl. 649. No question is made as to the sufficiency of the complaint to sustain such a recovery. The short answer to the claim of the defendant that the plaintiffs were not entitled to recover for any services rendered after October 15th, is that it does not appear in the finding that they rendered any services after that date.

There is no error.

In this opinion the other judges concurred.