WILLIAM E. HAASER ET AL. *v.* THE A. C. LEHMANN COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided June 29, 1943.

*David A. Wilson,* with whom was *Ernest T. Racicot,* for the appellant (defendant).

*Richard Levin,* for the appellees (plaintiffs).

JENNINGS, J. The plaintiffs brought suit for damages for breach of a roofing contract. The court found

that the plaintiffs and defendants entered into a contract which provided that the defendant should furnish and put in place a flat roof on a building being constructed by the plaintiffs for the Bergren Dairy in East Hartford. The work was substantially completed by the defendant but was so poorly done and so defective that it was of no value to the plaintiffs. There was also trouble over the employment of nonunion labor. The plaintiffs notified the defendant to get off the job and had a new roof installed by another contractor at a cost which exceeded the contract price by $478.62, for which amount judgment was entered for the plaintiffs. They brought suit about a month after the date of the notice.

The terms of the notice given by the plaintiffs to the defendant and admitted in their reply should be added to this finding as requested by the defendant, and this is the only change required. The notice read as follows: "We hereby rescind our tentative contract with you on the roofing for the new Bergren addition due to the fact you represented yourselves as Union Contractors, and to date have been unable to produce any evidence that you are affiliated with the Union, but we can not longer delay this job." In connection with this notice the court found: "Although the plaintiffs used the word 'rescind' in the notice given to the defendant, they intended thereby to notify the defendant that it had breached its contract for failing to use union labor on the job." The defendant asks that this finding be stricken out as having no basis in the evidence. It claims that the plaintiffs, having elected to rescind the contract, cannot bring suit thereon. The pleadings do not properly raise the claim of rescission, since a defense to the complaint cannot be supplied by the affirmative allegations of a cross-complaint. *Jennings Co., Inc.* v. *DiGenova,* 107 Conn. 491, 495,

141 Atl. 866. The parties have, however, treated the issue as in the case and we shall follow them in this regard. Conn. App. Proc., § 22.

"He who elects to rescind a contract can claim nothing under it." *Jones* v. *Brinsmade,* 183 N. Y. 258, 262, 76 N. E. 22; *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 Atl. 369; *Janulewycz* v. *Quagliano,* 88 Conn. 60, 64, 89 Atl. 897; 3 Black, Rescission (2d Ed.), § 704; Restatement, 2 Contracts, § 410, comment b, illustration 2; 12 Am. Jur. 1019, 1038; 13 C.J. 623, § 684; 17 C.J.S. 925, § 441. A definite election to rescind a contract is final and operates as a waiver of the right to sue in damages. 5 Page, Contracts, § 3030. The plaintiffs do not seriously dispute these general principles but claim that the use of the word "rescind" is not controlling and that all of the circumstances surrounding the parties must be examined to determine their intention.

In *Finlay* v. *Swirsky,* 98 Conn. 666, 120 Atl. 561, the plaintiffs brought suit for breach of contract to buy a large amount of sugar, and one of the defenses was that the use of the word "rescind" in their notice to the defendants so effectually put an end to the contract that it could not thereafter be the basis of any action whatever. Of this contention, this court said (p. 670): "We do not agree that this is the proper meaning of that word or the effect of its use in the circumstances which surrounded the parties in this case. The word 'rescind' does not always and necessarily mean strictly the same as revoke, annul, or blot out. It is often employed to convey the idea of cutting off a contract and leaving the parties in the exact conditions then existing. This court has used the word with that meaning." The court goes on to say that the prompt institution of the suit was relevant evidence that the plaintiffs did not mean to abandon their rights under

the contract and (p. 671): "From all the evidence before it the trier must determine what the intention was. Intention is an inference of fact, and the conclusion is not reviewable unless it was one which the trier could not reasonably make." See also *Hayes* v. *Nashville*, 80 Fed. 641, 26 C.C.A. 59. The situation in the case at bar was similar. If the plaintiffs could prove the allegations of their complaint, they had a perfect claim for damages and it is highly improbable that they would have intentionally and unnecessarily destroyed this claim. As was stated in the *Finlay* case, the prompt institution of suit was evidence of their intention to keep their claim alive. The trial court could reasonably reach its conclusion, quoted above.

Such other assignments of error as are pursued in the brief are tied into the question of rescission except for a claim that no contract existed because the memorandum making the bid stated "This is just a tentative contract." The specifications were accompanied by a plan and were quite detailed. The defendant's bid conformed thereto. The answer admitted an agreement to perform certain work in accordance with the plan. The counterclaim also alleged an agreement in substantial accordance with the plan and specifications although they were stated in somewhat greater detail than in the bid. It is found that, before leaving the job, the defendant had substantially completed the roofing work. From these facts the trial court was fully justified in finding that a contract had been entered into.

There is no error.

In this opinion the other judges concurred.