ETHEL M. ROBINSON ET AL. *v.* WALTER
R. JOHANCSIK, JR.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 7—decided June 12, 1946

*William J. Lavery,* with whom, on the brief, was *Hugh J. Lavery,* for the appellant (defendant).

*Lorin W. Willis,* for the appellees (plaintiffs).

DICKENSON, J.  The plaintiffs brought this action to recover a deposit paid the defendant under an agreement that he would sell them a piece of land together with a building to be constructed thereon. The plaintiffs claimed that the defendant had broken the contract.  He filed an answer denying any such breach and a counterclaim for damages based on a breach of contract by them.  The trial court rendered judgment for the plaintiffs on both the complaint and counterclaim, and the defendant has appealed.  No material correction can be made in the finding, which states the following facts.

The defendant owned a tract of land divided into building lots, upon which he erected houses under an agreement with prospective purchasers as to plans, specifications and purchase payments. On October 21, 1941, he entered into a written contract with the plaintiffs to build them a house on one of the lots in accordance with plans and specifications to be mutually agreed upon. The houses on his tract were usually built from stock plans which had been approved by the federal housing administration, and the defendant financed, through the administration, construction mortgages which were to be converted into permanent mortgages when the houses were sold. The plans included a garage attached to the house which the plaintiffs did not need. The stock plans were altered to take care of this at a cost of $50, which the defendant agreed should be absorbed in the purchase price. Under the contract the plaintiffs were to make an initial payment of $300 and were to pay an additional $300 when the roof was on the house and $200 more when the house was completed. The parties were to co-operate to obtain a mortgage for a balance of $5400, making the total price of the house and lot $6200. There was a further provision that if a $5400 mortgage or one of a satisfactory amount to both parties could not be arranged the defendant would return the $300 and no liability would attach to either party. The plaintiffs made the initial payment of $300, and the parties agreed upon the plans and upon Lot 21 of the tract as that on which the house was to be built.

On January 1, 1942, the defendant, who had experience in obtaining such mortgages, brought application blanks for a mortgage through the federal housing administration to the plaintiffs which they

filled out and signed as requested. The plaintiffs heard nothing further from the defendant until March, 1942, when they informed him over the telephone that they were displeased with the manner in which he was carrying out his contract and wished to terminate it and have their deposit returned. He agreed to return this but later refused to do so. He did not advise them that the building was being constructed or whether a mortgage for $5400 could be obtained, although on February 11, 1942, he had secured a commitment for a mortgage of $5300 on Lot 21, the mortgage to be taken by a New York trust company. In May, 1942, the plaintiffs visited the defendant's tract and found a house being constructed on Lot 21. Upon inquiry they were told by the defendant that this had been sold to another person but that they could have a house, exactly in accordance with their plans, on another lot for the same price. The house indicated was not in accordance with the plans and specifications agreed upon, and the plaintiffs refused to take it and again demanded the return of their deposit. The defendant offered to return this less the cost of altering the plans. The plaintiffs refused the offer.

The defendant does not dispute the fact that he sold the house to another person. This was conduct on his part which would prevent his carrying out his obligations under the contract, would justify the plaintiffs in rescinding it, and would entitle them to recover the deposit they had made, unless he proved that he was justified in making the sale because, as he alleges in his answer, they, before the sale, had themselves been guilty of a breach of the contract. *Fawcett* v. *Iron Hall*, 64 Conn. 170, 192, 29 A. 614; *Hoyt* v. *Pomeroy*, 87 Conn. 41, 46, 86 A. 755; *Rockwell* v. *New Departure Mfg. Co.*, 102 Conn.

255, 291, 128 A. 302; *Anvil Mining Co. v. Humble,* 153 U.S. 540, 552, 14 S. Ct. 876. While it appears that the plaintiffs were displeased with the defendant's conduct as to the contract and asked for a return of their deposit, it is not found that, before the property was sold, they had neglected or refused to perform any act required of them by the contract. As to their obligation, under it, to co-operate in obtaining a mortgage, the trial court has found on sufficient evidence that they did all that was requested of them by the defendant, who had considerable experience in obtaining such mortgages. Their next duty was to make payments as the building progressed. No notice was given them by the defendant as to this, nor is it found that the building had progressed to the point where payments were required. The trial court was correct in holding that the plaintiffs were entitled to a return of their deposit and in rendering judgment for them on the counterclaim.

There is no error.

In this opinion the other judges concurred.