## Joseph Lipinski *v.* Columbus Plaza, Inc.

Appellate Division of the Circuit Court

File No. CV 8-6411-3137

Argued February 7—decided May 27, 1966

*William M. Vishno,* of New Haven, for the appellant (defendant).

*Frank J. Dumark,* of Branford, for the appellee (plaintiff).

Kosicki, J.  The finding, which is not subject to correction, discloses the following facts: On or about November 10, 1962, the defendant company, which operated a used-car business in New Haven, sold to the plaintiff a 1959 Oldsmobile for the price of $1595. The agreed payment was by way of a trade-in allowance of $395 on a 1956 Chevrolet, owned and delivered by the plaintiff to the defendant, and $310 in cash. The balance of the price was to be financed. The contract of sale included a thirty-day guarantee

by the defendant of the differential and transmission. The plaintiff took the Oldsmobile on November 13. Within ten days he returned the car to the defendant because he was having trouble with the transmission as well as other difficulties. The defendant accepted the return of the Oldsmobile and told the plaintiff he could pick out another car of the same value. The plaintiff was unable to find another suitable car. On December 7, the defendant gave the plaintiff a letter reading as follows: "This letter entitles Mr. Joseph Lipinski, 29 Van Horn Drive, East Haven, Conn. to a credit of Four Hundred Forty Two Dollars (442.00) towards the purchase of any automobile costing $450.00 or more purchased at The Columbus Plaza, Inc. within one year from above date." The writing was signed by both parties. No car was purchased by the plaintiff, and the defendant refused to return the plaintiff's Chevrolet or the $310.

Upon these facts, the court concluded that the contract of November 13 for the purchase of the Oldsmobile had been mutually canceled; that the letter of December 7 was merely a statement of credit; that by withholding this credit the defendant was unjustly enriched; and that the plaintiff was entitled to recover $442. From this judgment the defendant has appealed. The assignment of errors may be reduced to the single question whether the conclusions of the court, based upon the subordinate facts found, may be legally or logically drawn from those facts. *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415, 420.

The defendant claims that the original contract of sale had been rescinded by mutual assent and that the writing of December 7 established a substitute contract, destroying all obligations of the defendant to the plaintiff other than the obligations stated in

the latter agreement. From this the defendant contends that the plaintiff, by failing to exercise his right of purchase within one year, had allowed his claim against the defendant to lapse and there could be no unjust enrichment because, under the express terms of the only existing contract, the plaintiff was entitled to no recovery in damages.

It is undeniable from the facts found that the original contract had been executed by the plaintiff to the extent then demanded of him and that there had been a breach of the guarantee by the defendant. At that time the plaintiff was entitled to insist on performance by the defendant or to damages or to a restoration to his former status through restitution and by cancelation of any further obligations under the contract. *Maruca* v. *Phillips,* 139 Conn. 79, 83; 6 Williston, Contracts (Rev. Ed.) § 1827; Restatement, Restitution § 66.

In order to rescind, the defendant was required to keep or place the plaintiff in statu quo ante. "Prompt election and restoration of the innocent party to [his] former position were essential." *Milford Yacht Realty Co.* v. *Milford Yacht Club, Inc.,* 136 Conn. 544, 549. Whether the parties had agreed to rescind and thus revoke, annul and blot out the contract, leaving them in the exact conditions then existing, was a matter of intention, to be determined by the trier from all the evidence. *Stern & Co.* v. *International Harvester Co.,* 148 Conn. 527, 532. It would appear highly improbable that the plaintiff, in the case at bar, elected to "rescind" and thereby intentionally and unnecessarily destroyed his claim arising out of the defendant's breach. *Haaser* v. *A. C. Lehmann Co.,* 130 Conn. 219, 221; see *Jarvis* v. *Cunliffe,* 140 Conn. 297, 299.

The defendant asserts error in the court's failure to find as a conclusion of fact that the letter of

December 7 was a new or substitute contract, wiping out any obligations under the original contract of sale. *Riverside Coal Co.* v. *American Coal Co.,* 107 Conn. 40, 44. No claim is made that there was any consideration offered by the defendant to support what it claims to be a substitute contract. In the original sale, there had been a failure of consideration on its part; and nowhere do we find that the letter of December 7, in any way, was an accord and satisfaction which extinguished the former contract. "There must be a valid agreement substituting a new cause of action in place of the old. It is not sufficient that there is a mere accord between the same parties, with mutual promises, but there must be a new agreement with a new consideration." *Goodrich* v. *Stanley,* 24 Conn. 613, 621; see *Peerless Soda Fountain Service Co.* v. *Savin,* 117 Conn. 1, 4; *Taft* v. *Valley Oil Co., Inc.,* 126 Conn. 154, 160.

The court's finding, which has not been subject to a motion to correct, states that the letter of December 7 was an agreement on the monetary value of the credit which the plaintiff was entitled to apply against another used car, to be purchased in one year from the defendant at a price of not less than $450. The amount of the credit was $442. Of this item, $310 represented cash paid by the plaintiff, and the remaining $132 the scaled-down value of the plaintiff's automobile, for which the trade-in allowance had been $395. This so-called credit, if it had any legal effect, amounted to a liquidation of the damages owed by the defendant to the plaintiff. There had been failure of performance by the defendant, resulting in a failure of consideration, and the plaintiff was entitled to receive the agreed exchange for that performance. 6 Williston, Contracts (3d Ed.) § 814. The additional promise, claimed by the defendant as binding on the plaintiff, to purchase an automobile from the defendant was

illusory in character so far as the defendant was concerned. It did not oblige the defendant to make available any car that the plaintiff might require and was not a detriment to the defendant. Id. § 103 p. 389, § 104.

The defendant further claims that failure on the part of the plaintiff "to exercise his rights" to purchase under the "agreement" of December 7 within one year thereof amounted to a forfeiture and the plaintiff was not entitled to any recovery. If we assume, without deciding, that the letter of credit was sufficient to constitute a contract and it had been broken by the plaintiff, it does not follow that the plaintiff was without remedy to have restored to him what he had innocently parted with. Forfeitures are not favored. Where the contract provides for a penalty for nonperformance, as distinguished from liquidated damages fixing fair compensation to the injured party for the breach, it will not be enforced. *Berger* v. *Shanahan,* 142 Conn. 726, 731; *May* v. *Young,* 125 Conn. 1, 9; see *Camp* v. *Cohn,* 151 Conn. 623, 626; *King Motors, Inc.* v. *Delfino,* 136 Conn. 496, 498. Here, the defendant not only failed to prove any damage but there is nothing in the finding from which can be derived the existence of the contract on which it relies.

The court correctly concluded that, by retaining the amount agreed upon as a credit to which the plaintiff was entitled, the defendant would be unjustly enriched. "This doctrine [of unjust enrichment] is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. The obligation to do justice rests upon all persons, natural or artificial. 46 Am. Jur. 99. A right of recovery under the doctrine is essen-

tially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. *Schleicher* v. *Schleicher,* 120 Conn. 528, 534, 182 A. 162. It is not necessary, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled? *Hixon* v. *Allphin,* 76 Idaho 327, 333 . . . ." *Franks* v. *Lockwood,* 146 Conn. 273, 278; see *Bowen* v. *Morgillo,* 128 Conn. 442, 446; *Caramini* v. *Tegulias,* 121 Conn. 548, 551; *Robinson* v. *Johancsik,* 133 Conn. 67, 69; *Miller* v. *Benton,* 55 Conn. 529, 545, 551 n.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.