[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 5, 1997 CT Page 4965
Defendant Metropolitan Property and Casualty Insurance Company moves for summary judgment on the first and second counts of the complaint filed by plaintiff Julia Curcio Kish, who seeks damages from Metropolitan on the theory the insurance company breached a contract to provide insurance coverage. The issue to be resolved is whether the first and second counts are barred by a contractual provision that requires an insured to bring "any suit or action . . . within twelve months of the loss." For the reasons stated below, the motion is granted.
In a revised complaint, the plaintiff alleges the following facts. On February 14, 1991 the plaintiff engaged James P. Krotki, who is an agent of Max Fitelson Son, Inc., to procure property and casualty renter's insurance. Krotki and Max Fitelson are agents and representatives of Metropolitan. Metropolitan issued an insurance policy to the plaintiff that provided coverage from February 14, 1991, through February 14, 1992. The plaintiff sustained a loss of personal property by theft on April 15, 1991. The plaintiff reported her loss to the defendants and requested payment under the provisions of the policy of insurance. On December 10, 1991, Metropolitan rescinded the policy on the basis the plaintiff had made a misrepresentation in the application for insurance coverage. On January 2, 1992, Metropolitan notified the plaintiff that it was unable to honor her claim since the policy had been rescinded as of the original inception date of the policy.
The plaintiff filed this lawsuit in 1994. Her complaint is in three counts. Metropolitan, Krotki, and Max Fitelson are named as defendants in each count. In counts one and two, the plaintiff alleges that the defendants' actions were in breach of contract and in violation of General Statutes § 38a-307, which sets forth a standard form for fire insurance policies. In the third count, the plaintiff alleges causes of action in negligence against Metropolitan, Krotki, and Max Fitelson.
On October 1, 1996, Metropolitan filed a revised answer and a special defense alleging that "the plaintiff is barred from instituting and maintaining this action because of her failure to institute suit within one year from the date of the alleged loss as required by the terms of the policy." Metropolitan relies upon the clause in the "Section I — Conditions" portion of the policy. This provision reads as follows: CT Page 4966
 10. Suit against Us. No suit or action may be brought against us by you unless there has been full compliance with all of the policy terms. Any suit or action must be brought within twelve months of the loss.
Metropolitan moves for summary judgment on counts one and two on the ground the plaintiff failed to bring suit within twelve months of the date of loss.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citations omitted; internal quotation marks omitted. Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 805-06.
This court previously denied an almost identical motion for summary judgment on the ground Metropolitan had only shown that two of the three counts are barred by the one year limitation. Our rules of practice do not provide a motion for summary judgment may be used by a defendant to obtain "judgment" on one or more counts of a multi-count complaint where one count survives and the defendant is still subject to liability on that one count. Practice Book § 378 et seq. While the word "judgment" has many meanings, it commonly means the lawsuit has terminated in its entirety with respect to the party for whom or against whom judgment is entered. While our rules provide that counterclaims and cross-complaints can be treated as an independent action, Practice Book § 379, the rules do not provide that each count may be treated as an independent action. This court will, nevertheless, address the merits of the motion CT Page 4967 for summary judgment because: (1) the contract claims set forth in the first and second counts are distinct from the tort claims set forth in the third count and (2) the parties have not raised the procedural issue.
The plaintiff contends the time limitation clause is inapplicable for three reasons: (1) Metropolitan "did not specially plead the Statute of Limitation in its Answer of September 24, 1996"; (2) "the plaintiff's claim is based, not on the contract of insurance rescinded, but, for a breach of the underlying agreement or contract to provide coverage to the plaintiff . . ."; and (3) "Metropolitan, having elected to rescind the contract of insurance, . . . cannot claim the benefits of the one-year statute of limitations . . . The defendant, Metropolitan, waived its right to assert any rights under the policy and is estopped by its conduct, from enforcing the one-year time limitation."
The plaintiffs first argument in opposition to the motion for summary judgment is that the limitation provision has not been pled as a special defense. Metropolitan argues that it need not allege the contract provision as a special defense. Nevertheless, it has amended its answer and now alleges the limitation provision in a special defense. The plaintiff has filed a response to the special defense. The limitation issue has been fairly raised in the pleadings.
The plaintiffs second argument is that her claims against Metropolitan are not based on the insurance policy but on an oral contract to provide insurance coverage. The plaintiff has alleged, however, that Metropolitan issued insurance policy number HO44-58-7359-0, and that, "in rescinding its policy, breached its contract with the plaintiff to provide insurance coverage." The plaintiff has pleaded the existence of a contract and has alleged damages arising out of the breach of a written contract. Her suit is not based on a sixty-day binder. See Gen. Stat. § 38a-322.
The plaintiffs third argument is that, by rescinding the contract, Metropolitan has waived its right to assert the one-year limitation and is estopped from enforcing the one-year limitation. Waiver and estoppel are different concepts. "Waiver is the intentional relinquishment of a known right." WadiaEnterprises, Inc. v. Hirschfield, 224 Conn. 240, 618 A.2d 506
(1992). "Estoppel has its roots in equity and stems from `the CT Page 4968 voluntary conduct of a party whereby he is absolutely precluded, both at law and equity, from asserting rights which might perhaps have otherwise existed . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse."' Boyce v. AllstateInsurance, 236 Conn. 375, 383-84, 673 A.2d 77 (1996). The plaintiff contends that the act of rescission constitutes a waiver and estoppel. She bases her argument on the statement inHaaser v. A.C. Lehmann Co. 130 Conn. 219, 221, 33 A.2d 135 (1943), that "[h]e who elects to rescind a contract can claim nothing under it," and the statement in Duksa Middletown, 192 Conn. 191,204, 472 A.2d 1 (1984), that "[a] definite election to rescind a contract is final and operates as a waiver to sue in damages." These quotations do not support the plaintiff's argument. Metropolitan is not claiming damages under the contract. It is relying on a contract provision to defend a claim brought to enforce the contract. The act of rescission, in the absence of other evidence, does not indicate Metropolitan intentionally gave up its right to rely on a contractual provision in defense of an action brought to enforce the contract. Moreover, rescission does not indicate any misleading conduct on the part of Metropolitan on which the plaintiff could have reasonably relied to support a belief that the suit limitation provision would not be enforced. See Boyce v. Allstate Insurance, supra at 386. The plaintiff has not demonstrated a genuine issue of material fact as to waiver or estoppel.
The time limitation applies to the claim asserted in the first and second counts. Both claims are based on an alleged breach of the policy that was issued. In the second count, the plaintiff further alleges that Metropolitan "was required to conform to the provisions of § 38a-307, C.G.S." This statute provides for "the standard form of fire insurance policy of the State of Connecticut." The plaintiff was issued a renter's insurance policy, not a fire insurance policy. Moreover, the form set forth in General Statutes § 38a-307 provides, in part, as follows: "Perils not included . . . Nor shall this Company be liable for loss by theft." The form also contains a suit time limitation of twelve months. Section § 38a-307 adds nothing to the plaintiffs case.
The motion for summary judgment is granted as to the first and second counts.
THIM, J. CT Page 4969